UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICOLE CYR,<br>Plaintiff<br><br>v.<br><br>UNITED PARCEL SERVICE,<br>INC.,<br>Defendant | CIVIL ACTION NO.<br>3:09-CV-30077-MAP<br><br><br><br>August 13, 2009 |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### *JURISDICTION*

1. This is an action for damages, declaratory and injunctive relief, punitive damages, compensatory damages, and attorney's fees brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., 42 U.S.C. §12203 et seq., and 42 U.S.C. §12112(b)(5)(A), and Massachusetts General Law Chapter 151B §1, et seq.

2. The Plaintiff, Ms. NICOLE CYR, ("Ms. Cyr" or "Plaintiff") brings this action for discrimination and unlawful retaliation against her former employer, UNITED PARCEL SERVICE, INC. ("UPS" or "Defendant"), in violation of ADA, and M.G.L Ch. 151B § 1 et seq.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343 with respect to the state law claims this Court has supplemental jurisdiction pursuant to 28 U.S.C.

§1367, in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## *VENUE*

4.   Venue in this district is appropriate pursuant to 28 U.S.C. §1391, because this is the district in which the discriminatory conduct occurred and the cause of action arose.

5.   Plaintiff, Ms. Cyr, is a citizen of the United States, residing in South Windsor, CT. At all times relevant to this Complaint, the Plaintiff was an employee of the Defendant, as that term is defined by the ADA and M.G.L. Ch. 151B §1 et seq.

## *ADMINISTRATIVE PROCEEDINGS*

6.   On or about October 10, 2007 the Plaintiff commenced administrative actions against the Defendant with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"), alleging, *inter alia,* that the Defendant had discriminated against her on the basis of her disability and/or perceived disability and had retaliated against Plaintiff by its unilateral removal of reasonable accommodation afforded for several months prior to being discharged by Defendant.

7.   On or about December 29, 2008 MCAD issued a letter of release in reference to the above captioned matter. Said letter is attached hereto as Insert A.

8.   On or about March 3, 2009 EEOC issued a Right to Sue letter in reference to this matter. Said letter is attached hereto as Insert B.

## *PARTIES*

9. Plaintiff is a citizen of the United States and resident of Connecticut and currently resides at 284 Hilton Drive, South Windsor, CT 06074.

10. At all relevant times, Plaintiff met the definitions of "employee," "qualified individual with a disability," and "qualified handicapped person" under the ADA, and M.G.L. Ch. 151B §1.

11. At all relevant times, Plaintiff was and is "disabled" and "handicapped," including having an actual physical impairment that substantially limits one or more major life activities, having a record of such an impairment, and being regarded as having such an impairment, under the ADA and M.G.L. Ch. 151B §1 et. seq.

12. Defendant has a principal place of business located at 90 Locust Street, Hartford, CT 06114. Defendant operates out of multiple locations across the United States.

13. Defendant is an employer as that term is defined in M.G.L. Ch. 151B §1 et. seq. and the ADA.

14. Defendant employs in excess of fifteen (15) employees.

## *FACTS*

15. On or about October 23, 2000, Plaintiff commenced employment as a Field Support Technician for UPS in West Springfield, MA.

16. Plaintiff's commute time from her home to West Springfield, MA was approximately thirty (30) minutes.

17. Plaintiff worked full-time, forty (40) hours per week, at a pay rate of $21.80 per hour.

18. Plaintiff's position was characterized as a Grade 11 position within UPS.

19. Plaintiff received benefits in the form of medical and dental insurance, paid vacation and holidays, 401K and pension plan, and mileage reimbursement.

20. During Plaintiff's employment with UPS, Plaintiff consistently received good evaluations.

21. During Plaintiff's employment, Plaintiff's job performance was never an issue.

22. In or about January 2004, Plaintiff began experiencing periodic symptoms that physically made it difficult to work. Periodically, Plaintiff would lose sensation in her right arm and experienced a tingly feeling in her limbs.

23. In or about November 2004, Plaintiff was diagnosed with Multiple Sclerosis ("MS"). This is a disorder of the central nervous system. Symptoms include, but are not limited to, weakness, muscle coordination, strength, sensation and vision impairment.

24. The Plaintiff is afflicted by MS whereby she is substantially limited in the following major life functions: sitting, standing, lifting, and walking. Specifically, the Plaintiff has difficulty climbing stairs repeatedly throughout the day, sitting for longer than thirty minutes without taking a short break in which to walk about and stretch her legs, and prolonged walking. The Plaintiff's difficulty with prolonged walking requires her to use a walker when doing tasks such as shopping. The Plaintiff is unable to sit for longer than thirty minutes which makes driving long distances difficult and which prevents her from attending activities or events that require her to be seated for longer than thirty minutes. The Plaintiff requires assistance lifting

her daughter into the car or the bathtub, and is limited in the activities she can do with her daughter due to the Plaintiff's strength and muscle coordination. The Plaintiff's sleep is also troubled due to the affect of the MS on her muscles which causes an overactive or spastic bladder, which prevents her from sleeping for more than a few hours at a time.

25. In or about November 2004 Plaintiff informed her employer of her diagnosis.

26. In or about January 2005, Plaintiff was granted workplace accommodations, which included permission to work out of a first floor office in the West Springfield location, assistance with lifting equipment when needed, rest time when driving over thirty minutes, use of a hand cart within the buildings, and use of a hand cart or vehicle for use at customer locations.

27. Plaintiff worked with the accommodations without incident until on or about April 30, 2007.

28. On or about April 30, 2007, Plaintiff went to her workplace in West Springfield and was sent to Hartford to meet with a new manager, George Gessler, and Diane Hagi, District Employee Relations Manager.

29. At the April 30, 2007 meeting, the Plaintiff was told by George Gessler that Mr. Gessler was having a problem managing her and did not know what accommodations had been provided to the Plaintiff.

30. At the April 30, 2007 meeting, the Plaintiff was informed that she would be placed on short term disability leave until certain ADA paperwork was completed.

31. On or about April 30, 2007 Plaintiff provided Mr. Gessler and Diane Hagi with a forwarded copy of the email from Mr. Welburn describing the workplace accommodations she had been provided.

32. The Plaintiff was not permitted to return to her job at any time after April 30, 2007.

33. Plaintiff did not receive any pay from UPS following her removal from her position on April 30, 2007.

34. Plaintiff's benefits were suspended following April 30, 2007.

35. On or about June 11, 2007 Plaintiff had a meeting with Renee Soloman and Nancy Pistritto from UPS regarding questions Plaintiff had concerning the company's ADA process, how long she would be out of work, her denial of short term disability, and whether she would be able to receive pay while she was out of work. Plaintiff also supplied a copy of her email from Mr. Welburn describing the workplace accommodations she had been provided, and filled out an Accommodation Checklist form which was provided by UPS.

36. On or about June 29, 2007, after having received no follow up telephone calls, written, or electronic communications from either Ms. Soloman or Ms. Pistritto, Plaintiff wrote an email to Ms. Soloman and Ms. Pistritto detailing the questions that were not answered during the June 11, 2007 meeting.

37. On or about July 10, 2007, Ms. Pistritto informed Plaintiff that there were nineteen (19) positions available at UPS.

38. Plaintiff met with Ms. Pistritto on or about July 12, 2007. Ms. Pistritto informed Plaintiff of several available part time positions at approximately half her present grade level, in Southern Connecticut. These positions were not offered to the Plaintiff. Rather, she was informed that they were open and she could apply for them.

39. Plaintiff expressed her interest in some of the positions, but was informed that she was not qualified for some of the positions because the positions required the ability to lift seventy (70) pounds. Other positions were located one to three hours from Plaintiff's home. The Plaintiff was unable to travel to those jobs due to her medical condition.

40. On or about October 10, 2007, Plaintiff filed a complaint with the Massachusetts Commission against Discrimination (MCAD) in which she alleged discrimination based on her disability.

41. Defendant terminated Plaintiff's employment by a letter dated on or about April 18, 2008, while her MCAD complaint was still pending.

42. On information and belief, Defendant terminated Plaintiff's employment because of her disability.

43. On information and belief, the Defendant's decision to terminate Plaintiff's employment was based upon a discriminatory motive to remove her from the company because of her disability.

44. The Defendant has engaged in discriminatory conduct by failing to engage in an Interactive Process with the Plaintiff, by failing to reasonably accommodate Plaintiff's disability, and by terminating Plaintiff's employment because of her physical condition (Multiple Sclerosis) and/or its perception regarding Plaintiff's physical condition in violation of M.G.L. Ch. 151B §1 et. seq. and ADA.

45. The Defendant regarded the Plaintiff as legally disabled, as shown by its actions, including its grant of workplace accommodations, its unilateral withdrawal of those accommodations and its involuntary placement of the Plaintiff on short term disability leave, its

request for the Plaintiff to complete certain ADA paperwork, and its ultimate decision to terminate the Plaintiff's employment.

46. As a result of Defendant's discriminatory conduct, Plaintiff has suffered damages, mental pain, and humiliation and has been forced to incur legal expenses.

## FIRST CAUSE OF ACTION- ADA

47. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 46 of this Complaint with the same force and effect as if set forth herein.

48. By the actions alleged herein, the Defendant, through the actions of its agents, has discriminated against the Plaintiff by the unilateral removal of a reasonable workplace accommodation, its failure to engage the Plaintiff in an Interactive Process, and termination of employment on the basis of her disability in violation of the ADA.

49. By the above-described conduct, the Defendant has engaged in discriminatory conduct, with malice or reckless indifference to the Plaintiff's federally protected rights.

50. As a result of the Defendant's unlawful conduct, the Plaintiff has suffered a loss of employment, lost compensation, fringe benefits and other rights, privileges, and conditions of her employment, an interruption of her career, pain and suffering, loss of enjoyment of life, and extreme distress.

## SECOND CAUSE OF ACTION-FAILURE TO ACCOMMODATE

51. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 50 of this Complaint with the same force and effect as if set forth herein.

52. Initially, Defendant accommodated the Plaintiff.

53. Defendant unilaterally removed that accommodation, failed to engage the Plaintiff in an Interactive Process, and terminated the Plaintiff.

54. As a result of the Defendant's unlawful conduct, the Plaintiff has suffered a loss of employment, lost compensation, fringe benefits, and other rights, privileges, and conditions of her employment, an interruption of her career, pain and suffering, loss of enjoyment of life, and extreme emotional distress.

## THIRD CAUSE OF ACTION-RETALIATION

55. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 54 of this Complaint with the same force and effect as if set forth herein.

56. Plaintiff had engaged in the protected activity of seeking a reasonable accommodation for her physical disability.

57. Defendant retaliated against Plaintiff by the unilateral removal of a reasonable workplace accommodation and termination of employment.

58. Defendant terminated the Plaintiff because of her physical disability and her need for an accommodation.

59. As a result of the Defendant's unlawful conduct, the Plaintiff has suffered a loss of employment, lost compensation, fringe benefits, and other rights, privileges, and conditions of

her employment, an interruption of her career, pain and suffering, loss of enjoyment of life, and extreme emotional distress.

### FOURTH CAUSE OF ACTION- M.G.L. CH. 151B §1 ET. SEQ. (DISABILITY DISCRIMINATION)

60. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 59 of this Complaint with the same force and effect as if set forth herein.

61. By the actions alleged herein, the Defendant, through the actions of its agents, has discriminated against the Plaintiff by the unilateral removal of a reasonable workplace accommodation and termination of employment on the basis of her disability in violation of Massachusetts General Laws.

62. As a result of the Defendant's unlawful conduct, the Plaintiff has suffered a loss of employment, lost compensation, fringe benefits, and other rights, privileges, and conditions of her employment, an interruption of her career, pain and suffering, loss of enjoyment of life, and extreme emotional distress.

### FIFTH CAUSE OF ACTION- M.G.L. CH. 151B §1 ET. SEQ. (FAILURE TO ACCOMMODATE)

63. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 62 of this Complaint with the same force and effect as if set forth herein.

64. By the actions alleged herein, the Defendant, through the actions of its agents, has failed to continue to accommodate the Plaintiff with a reasonable accommodation for her disability in violation of Massachusetts General Laws.

65.     As a result of the Defendant's unlawful conduct, the Plaintiff has suffered a loss of employment, lost compensation, fringe benefits, and other rights, privileges, and conditions of her employment, an interruption of her career, pain and suffering, loss of enjoyment of life, and extreme emotional distress.

## SIXTH CAUSE OF ACTION- M.G.L. CH. 151B §1 ET. SEQ. (RETALIATION)

66.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 65 of this Complaint with the same force and effect as if set forth herein.

67.     By the actions alleged herein, the Defendant, through the actions of its agents, has retaliated against the Plaintiff by the unilateral removal of a reasonable workplace accommodation and termination of employment for seeking a reasonable accommodation for her disability in violation of Massachusetts General Laws.

68.     As a result of the Defendant's unlawful conduct, the Plaintiff has suffered a loss of employment, lost compensation, fringe benefits, and other rights, privileges, and conditions of her employment, an interruption of her career, pain and suffering, loss of enjoyment of life, and extreme emotional distress.

## REQUEST FOR JURY TRIAL

The Plaintiff requests a trial by jury as to all claims to which she is entitled under the law.

Respectfully submitted,
THE PLAINTIFF

Robert Fortgang Associates
Greystone Court
573 Hopmeadow Street
Simsbury, CT 06070
(860) 658-1055

By: /s/ Robert M. Fortgang
Robert M. Fortgang
*Pro hac vice*
CT Federal Juris No. ct5437
CT State Juris No. 402006

*Dated: August 13, 2009*

## **DEMAND AND RELIEF**

WHEREFORE, the Plaintiff respectfully request this Court grant the Plaintiff the following relief:

a. Declaring that the acts and practices complained of herein are in violation of state and federal anti-discrimination laws;

b. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

c. Directing Defendant to place Plaintiff in the position she would have occupied but for the Defendant's discriminatory and retaliatory treatment, and make her whole for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pensions, and other lost benefits;

d. Awarding Plaintiff compensatory and punitive damages;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees.

f. Directing Defendant to pay Plaintiff compensatory damages and damages for her mental anguish and humiliation; and

g. Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,
THE PLAINTIFF


Robert Fortgang Associates
Plaintiff's legal counsel
Greystone Court
573 Hopmeadow Street
Simsbury, CT  06070
(860) 658-1055

By:   /s/ Robert M. Fortgang
Robert M. Fortgang
*Pro hac vice*
CT Federal Juris No. ct5437
CT State Juris No. 402006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail and via email notice through the Court's electronic filing system on August 13, 2009.

Genea O. Bell
Michael C. Harrington
Murtha Cullina LLP
CITY PLACE I
185 Asylum Street
Hartford, CT 06103


Dated: August 13, 2009

/s/ Robert M. Fortgang
Robert M. Fortgang